IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. _____

| | |
|---|---|
| RAVI D. PATEL, <br><br> Plaintiff, <br><br> v. <br><br> SHERIFF STEVE WHISENANT, SHERIFF, BURKE COUNTY SHERIFF'S OFFICE, <br><br> Defendant. | **COMPLAINT** <br> **(Jury Trial Demanded)** |

Plaintiff, complaining of the Defendant, alleges and says:

## I. INTRODUCTION AND JURISDICTION

1. This is an action against the Burke County Sheriff's Office for discriminatory actions taken against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") seeking damages as well as legal, equitable and declaratory relief, including discrimination based on his race and national origin.

2. Jurisdiction of the court is invoked pursuant to 28 U.S.C. §1434, this suit being a proceeding seeking to enforce rights and remedies secured in Title VII. Jurisdiction is also conferred upon this court by §1331.

3. Jurisdiction of the court is invoked pursuant to 28 U.S.C. §§2201 and 2202, this being an action for declaratory judgment declaring illegal the acts of Defendant complained of herein, violating rights secured to Plaintiff by Title VII.

## II. PARTIES

4. Plaintiff Ravi D. Patel resides in Morganton, Burke County, North Carolina. He is Asian and his national origin is Indian descent.

5. Defendant Steve Whisenant is an elected official who serves as the Sheriff of Burke County, North Carolina. In his capacity as the Sheriff of Burke County, Defendant maintains and provides law enforcement services in Burke County.

## III. FACTS

6. Plaintiff was employed by the Defendants in August, 2016 in the position of Detention Officer. In 2019, Plaintiff was promoted to the position of Sergeant.

7. In his role as Sergeant, Plaintiff was responsible for a shift supervising inmates and employees at the Burke County Detention Center.

8. On January 17, 2021, Plaintiff and another employee were supervising the inmates as they gave each other haircuts. During that time, one of the high priority inmates tried to get close to Plaintiff and his co-worker. Pursuant to policy, Plaintiff took all hair cutting people and instruments out of the room. During that time, one of the inmates became belligerent and was kicking the doors, cursing Plaintiff, threatening Plaintiff and telling Plaintiff to go back to his country. He insisted that he was not going to listen to Plaintiff.

9. Plaintiff and his co-worker decided that given his protocol violations, the inmate should be taken to isolation. As Plaintiff and his co-worker tried to take him to isolation, the inmate continued to curse and berate Plaintiff, saying things like "You don't have the balls to stand next to me." Because Plaintiff had experienced an inmate spitting on him before, Plaintiff tried to keep his distance from the inmate. When he got to close to Plaintiff, Plaintiff did push him away to make sure that he did not spit on him or other Deputies.

10. Pursuant to the Department's protocol, Plaintiff took the inmate down to the floor. Plaintiff made the decision to do this because, as he got closer to Plaintiff, the inmate said to Plaintiff "I am going to show you what I can do." He told Plaintiff that he was going to spit on him.

11. Prior to this incident, Plaintiff had been spat on by another inmate and had to go through eight months of treatment and shots to ensure that Plaintiff had not contracted a contagious disease.

12. During the time that Plaintiff took the inmate to the floor, the inmate sustained a scratch on his face when his face came in contact with the wall.

13. One week before the January 27, 2021 incident, Plaintiff had reported the same inmate to his superior, Lt. Bill Viggers, when the inmate threatened to kill Plaintiff and saying "I know where you live, I know your family, I am going to kill you." Nothing was done to the inmate.

14. This was the first incident where any person the Plaintiff arrested was injured.

15. Plaintiff is aware that other members of the Sheriff's Department, not of his protected classes, have engaged in behavior where both inmates and civilians have been injured. Some of these incidents have been widely reported in local media. The Deputies involved were not disciplined.

## IV. CLAIMS FOR RELIEF

### First Cause of Action: Race Discrimination under Title VII

16. Plaintiff re-alleges paragraphs 1 through 15 above. Plaintiff's discharge on February 5, 2021 by Defendant amounted to discrimination based on his race (Asian). All of Plaintiff's supervisors and the other persons involved in the instance leading to his termination were white. Plaintiff experienced racist comments from inmates in the presence of other employees and managers, but that behavior was tolerated.

17.     Defendant claims that Plaintiff was discharged because he violated company policy and it could no longer take on liability for him.  Defendant has a restraint policy with which Plaintiff complied at all times when the policy was in effect.  However, Plaintiff received a copy of a new policy on February 3, 2021.  Defendant claims that the policy changed on January 21, 2021.  Plaintiff denies that he violated either policy and that similarly situated white persons engaged in similar and more offensive conduct, resulting in more injuries than the scratch on the face in his incident.  No disciplinary action, to Plaintiff's knowledge, and certainly no termination occurred with the white officers.

18.     Defendant's actions discriminated against the Plaintiff on the basis of his race, Asian, in violation of Title VII of the Civil Rights Act of 1964.

19.     As a result of Defendant's actions, Plaintiff has suffered economic injury and emotional distress.

### Second Cause of Action:  National Origin

20. Plaintiff re-alleges paragraphs 1 through 19 above.  Plaintiff's discharge on February 5, 2021 by Defendant amounted to discrimination based on his national origin (Indian).  All of Plaintiff's supervisors and the other persons involved in the instance leading to his termination were white.  Plaintiff experienced racist comments from inmates in the presence of other employees and managers, but that behavior was tolerated.

21.     Defendant claims that Plaintiff was discharged because he violated company policy and it could no longer take on liability for him.  Defendant has a restraint policy with which Plaintiff complied at all times when the policy was in effect.  However, Plaintiff received a copy of a new policy on February 3, 2021.  Defendant claims that the policy changed on January 21, 2021.  Plaintiff denies that he violated either policy and that similarly situated white persons

4

engaged in similar and more offensive conduct, resulting in more injuries than the scratch on the face in his incident. No disciplinary action, to Plaintiff's knowledge, and certainly no termination occurred with the white officers.

22      Defendant's actions discriminated against the Plaintiff on the basis of his national origin, Indian.

23.     As a result of Defendant's actions, Plaintiff has suffered economic injury and emotional distress.

## V. EXHAUSTION OF REMEDIES

24.     Plaintiff filed a Charge with the Equal Employment Opportunity Commission on June 22, 2021, EEOC Charge No. 430-2021-0886. The EEOC issued a Dismissal and Notice of Rights on June 23, 2021. Plaintiff is filing this action within ninety days of the issuance of the Dismissal and Notice of Rights.

## VI. JURY TRIAL DEMAND

25.     Plaintiff hereby demands a trial by jury.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the discrimination alleged herein be remedied in full and that the court, after a jury trial:

    a)   Declare the actions complained of herein to be illegal;

    b)   Issue an injunction enjoining the Defendants, their agents, employees, successors, attorneys and those acting in concert or participation with the Defendants and at their direction from engaging in the unlawful practices set forth herein;

    c)   Award Plaintiff his costs and expenses in this action, including reasonable attorney's fees, costs and other litigation expenses; and

d)  Grant such other and further relief as may be just and necessary to afford complete relief to Plaintiff.

This 17th day of September, 2021.

>  /s/ Geraldine Sumter
> Geraldine Sumter
> N. C. Bar No. 11107
> Ferguson Chambers & Sumter, P.A.
> 309 East Morehead Street, Suite 110
> Charlotte, North Carolina 28202
> Telephone: (704) 375-8461
> Facsimile: (980) 938-4867
> Email: gsumter@fergusonsumter.com
>
> Attorney for Plaintiff